## John Yantis v. Nelson Burdett.

MAY TERM,
1835.

Yantis
v.
Burdett.

1. In chancery. The comp't. and Y. executed their promissory note to defd.—Y. made a payment thereon. Defd. sued Comp't. alone, in Kenty. and got judg't. at law, without giving credit for the full amount paid by Y.—Sued out execution, collected part; and took property in execution, which was claimed by one B.—who got possession thereof, having given a Replevin Bond, by which he was bound to pay the value of the property should the right be decided against him. Right of property not determined. Comp't. removed to this State, without the judg't. being paid or satisfied, and is sued here thereon—and judg't. obtained, without any credits.

2. The court decreed to defd. his judg't. obtained at law in this State—and damages on the part enjoined (deducting the credits) to be paid over to defd. on his assigning to comp't. the interest he acquired by the replevin bond—comp't. paying costs of suit thereon.

APPEAL from the circuit court of Lafayette county, sitting as a court of chancery.

The opinion of the court was delivered by TOMPKINS, Judge.

In Chancery. The comp't. and Y. executed their promissory note to defendant. Y. made a payment thereon. Defendant sued comp't. alone, in Kenty. and got judg't. at law, without giving credit for the full amount paid by Y.—Sued out execution, collected part, and took property in execution, which was claimed by one B. who got possession thereof, having given a replevin bond, by which he was bound to pay the value of the property should the right be decided against him. Right of property not determined. Comp't. removed to this State, without the judg't. being paid or satisfied, and is sued here thereon—and judgment obtained without any credits.

On the 7th August, 1832, Yantis filed his bill against Burdett, stating that on the 11th May, 1829, he together with Benjamin F. Yantis and Joseph P. Letcher executed their promissory note to said Burdett, the defendant, payable on the 11th November then next, for the sum of one thousand dollars; that some time thereafter Burdett commenced suit against the complainant in the circuit court of Garrard county in the State of Kentucky, and that at the September court of the said year, judgment was rendered in said suit, for the sum due, and interest at the rate of six per cent. per year until paid, subject however to a deduction for interest paid until the first day of July, 1831; and that said Burdett then instituted a suit in the circuit court of Lafayette in this State, against the complainant, on the judgment so rendered in Kentucky, and at the June term thereof for the year 1832, had judgment against the complainant for the sum of one thousand dollars debt and fifty-five dollars thirty-eight and a half cents damages. The complainant then alledges that on or about the first day of July, 1831, Benjamin F. Yantis, one of the makers of the promissory note aforesaid, paid the defendant one hundred dollars, for which no credit was given, and that Burdett the defendant caused to be taken on execution in Kentucky property in the possession of the complainant to satisfy the judgment aforesaid, to the amount of about seven hundred and thirty dollars, which property was claimed by one John Buford, who, in compliance with the laws of Kentucky, gave the Sheriff for the use of said Burdett, his bond for the

payment of that sum of money, to be paid in the event that the property levied on should be found to belong to the complainant; that it was yet unknown to the complainant to whom the property was decided to belong; and that the defendant is now proceeding under the law of Kentucky, to make the money for which the judgment was there obtained as aforesaid, and had actually sold property of the complainant to the amount of fifty dollars for which no credit is given, and prays an injunction, &c.

Burdett answering admits the origin of the debt, the judgment and the proceedings under it in Kentucky, but says that the property levied on was valued at only four hundred and ninety-five dollars, and that he has not yet made any thing from the property so levied on: he admits that the complainant is entitled to a credit of ten dollars and thirty-nine cents, the amount of money by him received for property of the complainant sold in Kentucky to satisfy said judgment.

He admits also the payment of one hundred dollars, but says that it was applied to the payment of the interest accrued before the judgment in Kentucky. The complainant replied to the answer and the circuit court decreed for the complainant, making the injunction perpetual as to five hundred and five dollars and thirty-nine cents.

On the part of the complainant, it is contended, that this case is one of exclusive chancery jurisdiction. He admits, that, if property to the full amount of the execution had been levied on, such levy might have been pleaded in bar; but such not being the case he has no relief at law. We are not told what he pleaded in the circuit court, but it appears that he detained the plaintiff at law two terms in that court, and that it was not until after judgment was obtained against him at law that he applied to the chancery court for relief. From his own account two judgments have been obtained against him since the payment of the sum of one hundred dollars by Benjamin F. Yantis on or about the first day of July, 1831, and he does not pretend, that he could not have pleaded that payment in the first action. But after leaving the State of Kentucky and coming to Missouri, he delays the defendant to this bill in his action at law as long as by the rules of practice he could do, and then the reasons assigned by him, for claiming the protection of a court of chancery are, that while he was leaving the State of Kentucky, the property of another person, viz: Buford was taken in execution to satisfy this same debt,

and that the two sums of one hundred dollars and of ten dollars and thirty-nine cents, have not been credited to him, for the first of which he does not pretend he could not have obtained a credit in Kentucky by using reasonable diligence. But if we look behind those two judgments at law, we find that the interest on the sum of one thousand dollars from 11th November, 1829, when the money become due, until 11th July, 1831, is precisely one hundred dollars. The judgment rendered against him in Kentucky is for the principal sum and interest until paid, subject to a credit of interest until 1st July, 1831; by which it appears that he has paid interest on $1000 for only eleven days more than he was bound to do. The interest for eleven days is $1 82. But Burdett the defendant here had executed property in Kentucky to a large amount, to satisfy the same debt. This property Yantis the complainant does not venture to call his own, and says that it is yet undecided in the Kentucky court whether the property belongs to himself or to Buford. The cause before us then exhibits this state of things. Yantis is leaving Kentucky after Burdett had obtained judgment against him there, and Burdett fearing that in consequence of Yantis' removal, his debt would be lost, issues execution and seizes under that execution property in the possession of Yantis, which a third person claims and which Yantis does not claim. This third person puts in his claim to the property and by a mode of proceeding known to the laws of Kentucky, gets possession thereof while the trial of the right of property is pending in the court of that State; Burditt, (the right of this property still being undecided) pursues Yantis the debtor probably 600 miles to Missouri and commences an action on his Kentucky judgment, against Yantis, and Yantis having delayed him as long as he could at law, now comes into a court of chancery for relief. It appears that Burdett has received the sum of one dollar and eighty-two cents balance of the sum of $100 paid by B. F. Yantis, which was not allowed to Yantis as a credit on the interest; it also appears, that he has received the sum of ten dollars and 39 cents, for which Yantis has received no credit. For these sums and the interest on them at the rate of 6 per cent per year, he is entitled to a credit. It is charged in the bill that the sum of one hundred dollars was paid by B. F. Yantis to Burdett about 1st July 1831; on the sum of $1 and eighty-two cents, the balance of that sum, he is entitled to interest from the 1st July 1831. At what time the other sum of ten dollars and 39 cents was collected

it does not appear. But it will be assumed that it was collected after Yantis left Kentucky, viz: on 1st January 1832; he is entitled to interest then on that sum, from that time; and the court not considering that the complainant is entitled to any extraordinary favor here, are of opinion that Burdett the defendant ought not to be disturbed in the advantage which he has gained at law.

This court therefore do order and decree that the circuit court dissolve its injunctions in this cause, and enter up a decree in favor of the defendant Burdett for the amount enjoined and ten per cent damages on that amount, and cause the same to be collected on execution and to be brought into that court, to be disposed of in the manner following, TO-WIT: The sum of one dollar and 82 cents with interest thereon from 1st July 1831, and the sum of ten dollars and 39 cents with interest thereon from the 1st day of January 1832, at the rate of 6 per cent per year in both instances, being first deducted, the remainder shall be paid over to Burdett he having first assigned over to Yantis all the interest which he may have acquired by the suit instituted in Kentucky on the replevin bond above mentioned, and all the interest which he may hereafter acquire by said suit—and Yantis having also before said assignment by said Burdett, paid to said Burdett the legal costs already incurred in said suit, or hereafter to be incurred before an end can be put to the prosecution thereof, and the said circuit court of Lafayette county is hereby directed to retain under its control, the money to be collected on the said decree, until the said Burdett and the said Yantis comply with the order and decree in this cause made, and if the said Yantis fail to pay over in the manner directed by this court to Burdett the costs of the said suit, in the state of Kentucky, then the circuit court of Lafayette county shall pay over to Burdett the sum of money due to him by virtue of this decree, making the deduction above mentioned, and leave Yantis to seek his remedy in Kentucky.

MAY TERM 1835.

Yantis v. Burdett.

The court decreed to defendant his judgment at law in this State and damages on the part enjoined (deducting the credits) to be paid over to defendant on his assigning the interest he acquired by the replevin bond—complainant paying costs of suit thereon.